Mr. Hanson, you may proceed, lonely though you are. I am lonely and I apologize for dragging you out here just for this. I will be extremely, extremely succinct. We look forward to your final. I know you have an elongated argument. It will not be elongated. We mostly look forward to that. Our points are pretty simple, your honors, and I'll make them briefly and shut up. The petition was not verified by the 122-1B affidavit. It was not supported by affidavits, records, or other evidence supporting its allegations under 122-2. So under those two consecutive statutes, statutory sections, there was not compliance. There was no affidavit here, as an affidavit must be notarized to be valid, and under the Neves, Goda, and Roth cases cited in my brief, this was not. Nor were there any of the supporting affidavits, et cetera, under 122-2. Further, the petition alleges no facts that the attorney had a conflict. He just vaguely says the attorney represented the victim in the past and had a connection to the victim and the victim's family. Nothing about when, how, in what regard, anything at all. There was no explanation for the absence of supporting affidavits, records, or other evidence. And as Collins points out, you either do that or explain why it isn't there. It's a pleading requirement as well as a regular requirement to have that. There was nothing here but the defendant's own invalid affidavit. The judge below recognized, and I cite it in the brief, that there was nothing to suggest any factual validity to the claim. Thank you. Any questions from the bench? None forthcoming? It's not terribly elongated, was it? Would you like to reply? No, I think every word I said was beautiful. Well, thank you, Mr. Hanson, for your argument in this matter. The court will issue a written opinion in due course after considering all arguments.